IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MELISSA ANNE CARNEY,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 14-00497-CG-B |
| | * |
| **UNITED STATES OF AMERICA,** | * |
| | * |
| Defendant. | * |

**REPORT AND RECOMMENDATION**

This case is before the Court on the United States of America's Motion to Dismiss (Doc. 6) and Plaintiff's response in opposition (Doc. 9). The motion has been fully briefed and has been referred to the undersigned Magistrate Judge for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c).  Having carefully reviewed the motion, the briefs in support of and in opposition to the motion, and the pleadings filed in this matter, the undersigned, for the reasons stated herein, RECOMMENDS that the motion be **GRANTED**, and that Plaintiff's Complaint be dismissed.

**I. Background Facts**

Plaintiff Melissa Anne Carney commenced this action against the United States of America (hereinafter "United States") on October 27, 2014.[1]  (Doc. 1).  In the complaint, Plaintiff

---

[1] According to the complaint, Plaintiff initially filed her

1

alleges that on February 12, 2011, Jamie Leigh Stewart Wright, while delivering mail on behalf of the United States Postal Service, negligently caused the vehicle she was operating to collide into a vehicle occupied by Plaintiff. (Id.). Pending before the Court is the United States' Motion to Dismiss (Doc. 6). In the motion, filed pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Government alleges that this court lacks jurisdiction because Plaintiff does not allege that she ever filed an administrative claim with the proper agency of the United States. In support of its motion, the Government has attached the declaration of Kimberly A. Herbst, Supervisor, Tort Claims Examiner/Adjudicator with the United States Postal Service National Tort Center, St. Louis General Law Office. (Doc. 6- 2). In her declaration, Ms. Herbst asserts that she has conducted a search of all Postal Law Service Law Department records of administrative tort claims, and did not find an administrative claim submitted by or on behalf of Plaintiff Melissa Anne Carney. (Id.).

In response, Plaintiff's counsel acknowledges that no

---

complaint in state court against Jamie Leigh Stewart Wright on June 26, 2011; however, the case was transferred to this Court after Judge Robert Williams ruled that Wright was acting in her capacity as a federal employee at the time of the accident and as a result, Plaintiff's remedy was against the United States pursuant to the Federal Torts Claim Act. (Doc. 1 at 1-2).

administrative claim was timely made before Plaintiff's complaint was filed and asserts that on January 8, 2015, a claim for Plaintiff was properly filed on the Standard Form 95 Claim for Damage, Injury or Death with the Postal Service. (Doc. 9.) According to Plaintiff's counsel, "Plaintiff expects that the United States of America will waive sovereign immunity in this matter in order that the Plaintiff may pursue her case in the United States District Court." (Id.)  The Government, in its reply, asserts that the belated filing of Plaintiff's claim form does not save this action from dismissal because this Court lacks jurisdiction. (Doc. 11).

## II. LEGAL STANDARDS

As noted supra, the United States brings this motion pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction can be based on either a facial or factual challenge to the complaint. Lawrence v. Dunbar, 919 F. 2d 1525, 1529 (11th Cir. 1990)(citation omitted).  A "facial attack" "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion." (Id.) "'Factual attacks' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective

of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" (Id.) The Court construes the Government's Rule 12(b)(1) argument as a facial challenge because the Government contends that Plaintiff has failed to allege that she exhausted her administrative remedies, and Plaintiff acknowledges that she did not submit a claim to the appropriate Government agency prior to filing the instant action.

A Rule 12(b)(6) motion to dismiss for failure to state a claim questions the legal sufficiency of a complaint (or portions of a complaint); therefore, in assessing the merits of a Rule 12(b)(6) motion, the Court must assume that all factual allegations set forth in the complaint are true, and all factual allegations are construed in the light most favorable to the plaintiff.

### III. DISCUSSION

It is well established that the United States is immune from suit unless it has consented to be sued, and its consent to be sued defines the terms and conditions upon which it may be sued. United States v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L.Ed.2d 607 (1980). The Federal Torts Claims Act ("FTCA") provides that the United States may be held liable for money damages for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within

the scope of his office or employment" in the same manner and to the same extent as a private person under like circumstances. 28 U.S.C. § 1346(b)(1); see also Turner ex rel. Turner v. United States, 514 F.3d 1194, 1203 (11th Cir. 2008).  Thus, the "FTCA is a specific, congressional exception" to the United States' sovereign immunity.  Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994).  As such, the waiver of sovereign immunity permitted under the FTCA "must be scrupulously observed, and not expanded, by the courts." Id.

The FTCA's waiver of sovereign immunity is a "limited waiver of the United States' sovereign immunity for tort claims" allowing "certain parties" to sue the government "under certain circumstances." Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006) (internal quotations omitted).  As such, before instituting an action under the FTCA, a claimant must first exhaust the required administrative remedies. McNeil v. United States, 508 U.S. 106, 107, 113, 113 S. Ct. 1980, 124 L.Ed.2d 21 (1993); see also Turner, 514 F.3d at 1200.  To exhaust, the claimant must first file an administrative claim with the appropriate agency within two years from the time the claim accrues and include a claim for money damages in a sum certain. Dalrymple, 460 F. 3d 1324.  If a party files suit in a district court before filing an administrative claim and exhausting the statutory administrative remedies, the suit will be premature and the district court will lack subject matter jurisdiction over the action. McNeil, 508 U.S. at 113, 113 S. Ct. 1980

("[t]he FTCA bars claimants from bringing suits in federal court until they have exhausted their administrative remedies"); Turner, 514 F.3d at 1200.  Requiring a claimant to file a claim that includes a sum certain serves to inform the Government of the maximum amount of a claim, and affords the Government an opportunity to evaluate whether to settle a claim or proceed to trial.  Turner, id.  Thus, before a federal court can exercise jurisdiction over an FTCA suit, the plaintiff must first file a timely administrative claim with the appropriate agency and then allow that claim to be denied or wait until at least six months have passed after the claim was filed.  Id. (citing 28 U.S.C. § 2675(a)).  "[T]he failure to adequately allege exhaustion in the complaint is grounds for dismissal for lack of subject matter jurisdiction."  Chapman v. United States Postal Serv., 442 Fed. Appx. 480, 485 (11th Cir. 2011) (citing Dalrymple, 460 F.3d at 1324-26), cert. denied, _ U.S. _, 132 S. Ct. 1624, 182 L. Ed. 2d 194 (2012).

In this action, Plaintiff acknowledges that she did not exhaust her administrative remedies before filing her lawsuit in this Court.  While she asserts that she recently, on January 8, 2015, submitted the requisite form to the Postal Service, her belated action does not change the fact her failure to exhaust *prior* to filing suit deprives this Court of jurisdiction.  See Turner, 514 F.3d at 1200 ("Because '[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies,' the district court lacks subject

matter jurisdiction over prematurely filed suits")(citation omitted). Accordingly, this action should be dismissed for lack of subject matter jurisdiction.

### IV.    CONCLUSION

For the reasons set forth herein, the undersigned RECOMMENDS that the United States' Motion to Dismiss (Doc. 6) be **GRANTED,** and that this case be dismissed.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L. R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **28th** day of **January, 2015.**

/s/ SONJA F. BIVINS  
**UNITED STATES MAGISTRATE JUDGE**